UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELDIN GOMEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CHARLES GREEN,<br><br>　　　　Respondent. | Civil Action No. 17-4478 (SDW)<br><br>OPINION |

**WIGENTON**, District Judge:

　　Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Weldin Gomez, filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Because Petitioner has now paid the appropriate filing fee, this Court must re-open this matter and is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, this Court will dismiss the petition without prejudice as premature.

**I.  BACKGROUND**

　　Petitioner, Weldin Gomez, is a native and citizen of the Dominican Republic.  (ECF No. 1 at 4).  He entered this country and became a lawful permanent resident in 2006.  (*Id.*).  On June 20, 2013, however, Petitioner was convicted of conspiracy to commit robbery and criminal attempt to commit theft, resulting in his receiving a five year prison sentence.  (*Id.*).  Based on his conviction, immigration officials issued a notice to appear to Petitioner and placed him in removal proceedings on April 11, 2016.  (*Id.*).  Immigration officials also informed Petitioner that he would

1

ultimately be subject to detention pursuant to 8 U.S.C. § 1226(c) based on his criminal conviction upon his release from prison. (*Id.*).

On March 10, 2017, Petitioner was released from prison into the custody of immigration officials. (*Id.*). Since that date, Petitioner has been held in immigration detention for just over four months pursuant to 8 U.S.C. § 1226(c). On June 20, 2017, Petitioner filed his current habeas petition, in which he asserts that his continued detention without a bond hearing has become unreasonable under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (ECF No. 1). This Court administratively terminated this matter for failure to pay the requisite filing fee on June 28, 2017. (ECF No. 2). Petitioner has now paid the filing fee. (ECF Docket Sheet).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

In his petition, Petitioner contends that his continued detention pursuant to 8 U.S.C. § 1226(c) has become unreasonable pursuant to *Diop* and *Chavez-Alvarez*.  In *Demore v. Kim*, 538 U.S. 510, 530-31 (2003), the Supreme Court held that mandatory detention of an alien pursuant to 8 U.S.C. § 1226(c) for a period of up to six months was not an unconstitutional restraint on he alien's liberty, and would thus not support a Due Process challenge.  While the Supreme Court in *Demore* did not determine whether detention beyond six months would impugn due process, the Third Circuit in *Diop* held that detention under §1226(c) was subject to certain constitutional limits as the statute "authorizes [mandatory] detention [only] for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes."  *Diop*, 656 F.3d at 231.  Determining whether a period of detention is reasonable under the circumstances is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case."  *Id.* at 234.  In this context, reasonableness is "a function of whether [the period of detention] is necessary to fulfill the purpose of the statute."  *Id.*  While the *Diop* court did not provide a specific length of time beyond which a petitioner's detention would become unreasonable, *see* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL

348257, at *3 (D.N.J. Jan. 30, 2014), the Third Circuit provided further guidance in *Chavez-Alvarez*. In that case, the Court of Appeals held that, at least where no evidence of bad faith on the part of the petitioner has been presented, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478. What both *Diop* and *Chavez-Alvarez* take for granted, however, is that detention under the statute for up to six months, the period discussed in *Demore*, does not raise constitutional concerns, and a challenge to detention prior to six months would thus be premature. *Id.*

In this matter, Petitioner has been held under § 1226(c) only since March 10, 2017, the date on which he was released from prison (*see* ECF No. 1 at 4), and has thus only been held under the statue, rather than pursuant to his prior criminal conviction, for a period of approximately four months. As Petitioner has been held under the statute for only four months, his detention has not yet reached the point where it is subject to scrutiny pursuant to *Demore*, *Diop*, and *Chavez-Alvarez*. *Id.*; *see also Demore*, 538 U.S. at 530-31. Petitioner's current habeas petition is therefore premature, and must be dismissed as such.

### III. CONCLUSION

For the reasons expressed above, this Court will reopen this matter and will dismiss Petitioner's habeas without prejudice petition as premature. An appropriate order follows.

Dated: July 18, 2017          *s/ Susan D. Wigenton*
                              Hon. Susan D. Wigenton,
                              United States District Judge

4